## IN RE GRAND JURY SUBPOENA

United States District Court,
W.D. Virginia.
Charlottesville Division.

March 5, 2001.

*MEMORANDUM OPINION & ORDER*

MICHAEL, Senior District Judge.

Before the Court is the Government's March 1, 2001 Motion for Release of State Tax Records. The government served a grand jury subpoena on the Virginia Commissioner of Tax, for certain tax information. In response to the Grand Jury subpoena, the Virginia Tax Commissioner returned a sealed envelope to the Clerk of the Court, directing that said envelope not be unsealed absent judicial order. In so doing, the Commissioner relied on Va.Code § 58.1–109, which prohibits the disclosure of state tax returns unless and until a judge orders that the ends of justice require the violation of confidentiality. The Commissioner's reliance on § 58.1–109 can be understood as an assertion of a qualified privilege not to disclose state tax returns. Federal Rule of Evidence 501 requires asserted privileges to be governed by common law, as interpreted by the court in the light of "reason and experience."

I.

Congress recognizes an important value in maintaining the confidentiality of tax information. Disclosure of federal tax returns to federal officers for use in a grand jury proceeding[1] are permitted only upon an order by a federal district court or magistrate judge. *See* 26 U.S.C. § 6103(i)(1)(A). Upon application, the court may grant the order if there is reasonable cause to believe that (1) a specific criminal act has been committed; (2) the return or return information is or may be relevant to a matter relating to the commission of such act; and (3) the information is sought exclusively for use in a federal criminal investigation or proceeding concerning such act, and the information sought to be disclosed cannot reasonably be obtained, under the circumstances, from another source. *See id.* § 6103(i)(1)(B).

Under Rule 501, it is reasonable to extend the § 6103 qualified privilege of federal returns to state tax returns. *See In re Hampers,* 651 F.2d 19 (1st Cir.1981); *In re Cruz,* 561 F.Supp. 1042 (D.Conn. 1983). "The deliberate judgment of the legislature on the balancing of the societal interests in detecting, preventing, and punishing criminal activity, in safeguarding individuals' interests in privacy, and in fostering voluntary compliance with revenue reporting requirements, seems to us a legitimate if not compelling datum in the formation of federal common law in this area." *Hampers,* 651 F.2d at 23 (citing *Moragne v. States Marine Lines,* 398 U.S. 375, 390–91, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970)). Furthermore, if a federal grand jury investigator can obtain tax information just by serving a subpoena on a State Tax Commissioner, the safeguards of

---

1. For use in a non-tax related investigation. Tax-related investigations follow a slightly different set of rules.

§ 6103 can be ignored and circumvented. *See. Hampers*, 651 F.2d at 21. Finally, there is no reason why, if federal prosecutions are not unduly hindered by the restraints of § 6103, they would be so hindered by applying the same rules to state tax returns. *See id.*

There are multiple benefits of preserving federalism and comity by honoring the Commonwealth's qualified privilege through use of the same standards Congress uses to safeguard federal tax information. Thus, when the government wants to subpoena state tax return information on individual taxpayers, the court shall follow the strictures that Congress has set forth in § 6103.

## II.

In reply to the Commissioner's sealed response to the grand jury subpoena, the government has filed a motion for release of the state tax records. In support of the motion, the government alleges all of the requirements of § 6103(i)(1)(B), stating that the requested state tax records are relevant and necessary in a criminal drug investigation, sought exclusively for use in said investigation, and cannot reasonably be obtained in any other matter. The court finds reasonable cause to believe that, based on an ongoing investigation into the same, criminal violations involving 21 U.S.C. § 846 and other criminal statutes have been committed by certain individuals, for whom the government has subpoenaed state tax information.

## III.

Having considered the balance between the interest of the Commissioner and the public in preserving the confidentiality of tax returns, and the interest of the government and the public in the instant criminal investigation, and for the foregoing reasons, it is accordingly this day

## ADJUDGED, ORDERED AND DECREED

as follows:

1. The government's Motion for Release of Tax Records shall be, and hereby is, GRANTED;

2. The state tax records shall be RELEASED to the United State's Attorney's Office, and the information disclosed therein shall be used exclusively in furtherance of the instant federal investigation referred to in the government's motion, and proceedings in association therewith, as outlined in 26 U.S.C. § 6103 and 26 C.F.R. § 301.6103(i)-1;

3. This order shall be entered UNDER SEAL and, along with the government's Motion for Release, shall remain sealed, for thirty days.

The Clerk of the Court hereby is directed to send a certified copy of this order to Assistant United States Attorney, Bruce Pagel, and Virginia Commissioner of Tax, Danny M. Payne, which parties shall treat the order as under seal for a thirty day period.