**In re GRAND JURY SUBPOENA Dated April 18, 2007.**

**No. GRAND JURY 06–2.**

United States District Court, E.D. Virginia, Norfolk Division.

May 9, 2007.

Alan M. Salsbury, Esquire, Assistant United States Attorney, Eastern District of Virginia, Norfolk, VA, for Government.

## ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on the government's May 4, 2007, Motion for Disclosure. For the reasons stated below, the government's motion is **DENIED**.

### I.

On April 18, 2007, the government issued a federal grand jury subpoena to the Virginia Department of Taxation ("the Department") for certain confidential tax return information connected to a criminal investigation being conducted by the Federal Bureau of Investigation and the United States Attorney's Office for the Eastern District of Virginia. Mot. for Disclosure at 1. In response to this grand jury subpoena, the Department sent the requested information to the United States Attorney's Office in a sealed envelope, directing that it not be opened without a judicial order pursuant to section 58.1–109 of the Code of Virginia.[1] *Id.*

---

1. This state statute, which governs the Department's procedure for complying with subpoenas for confidential tax returns, provides, in relevant part, that

    [t]he Tax Commissioner and each employee of the Department, when served with any summons, subpoena, subpoena duces tecum or order, directing him to produce any

confidential tax returns kept by or in the possession of the Department, may comply therewith by certifying a reproduction or enlargement thereof in accordance with § 58.1–108 and mailing such reproduction or enlargement in a sealed envelope *to the clerk of court.* Such envelope shall not be opened unless and until a judge of such

As required by the Department's directive, the government has asked this court to enter an order finding that it has satisfied section 58.1–109 of the Code of Virginia, which would allow it to unseal the envelope.[2] *Id.* at 2. In support, the government attached a copy of the federal grand jury subpoena; however, this subpoena lacked any description of the requested documents. The government also failed to present any factual information regarding the need for such documents and only baldly represented to the court that the ends of justice require that the tax returns be made available for its use. *Id.* Based solely upon this information, the government has requested that this court authorize the unsealing of the envelope, which contains the confidential state tax returns pertaining to the grand jury investigation.

## II.

█ To resolve the issues presented in the government's Motion for Disclosure, this court adopts the holding and rationale of *In re Grand Jury Subpoena*, 144 F.Supp.2d 540 (W.D.Va.2001), which is directly on point. In that case, Judge Michael of the United States District Court for the Western District of Virginia found that the Department's reliance on section 58.1–109 of the Code of Virginia is correctly understood as an assertion of a qualified privilege not to disclose confidential state tax return information. *Id.* at 541. As such, the court emphasized the importance of maintaining the confidentiality of tax information and outlined the federal qualified privilege statute, 26 U.S.C. § 6103(i)(1), which governs the disclosure of federal tax returns to federal officers for use in grand jury proceedings.[3] *See id.* The court then, under Federal Rule of Evidence 501, extended the § 6103(i)(1) qualified privilege of federal tax returns to

court determines that the information contained therein is of such importance that the ends of justice require that the secrecy and confidentiality of such returns be violated and no reproduction of said returns shall be allowed by the court. Unless otherwise directed by a judge of such court, the clerk shall return all such reproductions and enlargements to the Department after the entry of a final order in the case.

VA. CODE ANN. § 58.1–109 (emphasis added). As an initial matter, this court notes that the Department failed to comply with this statute, because it delivered the sealed envelope to the United States Attorney's Office instead of the clerk of court. Nevertheless, the government has requested court authorization to unseal the envelope, so the court will proceed as if the clerk is in possession.

2. Even though the government asserts that it has complied with section 58.1–109 of the Code of Virginia, it also states that the statute is inapplicable to the United States by virtue of the Supremacy Clause of the United States Constitution. Mot. for Disclosure at 2. This court notes, however, that the government does not pursue this argument in its motion.

3. Pursuant to this federal statute, the government must satisfy the following requirements in order to obtain confidential federal tax return information:

Disclosure of federal tax returns to federal officers for use in a grand jury proceeding are permitted only upon an order by a federal district court or magistrate judge. *See* 26 U.S.C. § 6103(i)(1)(A). Upon application, the court may grant the order if there is reasonable cause to believe that (1) a specific criminal act has been committed; (2) the return or return information is or may be relevant to a matter relating to the commission of such act; and (3) the information is sought exclusively for use in a federal criminal investigation or proceeding concerning such act, and the information is sought exclusively for use in a federal criminal investigation or proceeding concerning such act, and the information sought to be disclosed cannot reasonably be obtained, under the circumstances, from another source. *See id.* § 6103(i)(1)(B).

*In re Grand Jury Subpoena*, 144 F.Supp.2d at 541 (footnote omitted).

state tax returns and specifically held that "when the federal government wants to subpoena state tax return information on individual taxpayers, the court shall follow the strictures that Congress has set forth in § 6103." *Id.* at 541–42 (citing *In re Hampers,* 651 F.2d 19, 22–23 (1st Cir. 1981); *In re Cruz,* 561 F.Supp. 1042, 1045–46 (D.Conn.1983)); *see Grand Jury Empanelled January 21, 1981,* 535 F.Supp. 537, 542 (D.N.J.1982). Likewise, the government must proceed in this action in this court as if it is seeking the disclosure of federal tax returns for use in a federal grand jury proceeding and thus must demonstrate reasonable cause pursuant to § 6103(i)(1)(B) for the disclosure of state tax returns. *See supra* note 3.

■ In the instant case, however, the government has not made any such showing of reasonable cause under § 6103(i)(1)(B). The government has instead supplied a copy of the federal grand jury subpoena referencing an attachment, but no attachment was enclosed, and the government has summarily asserted, without factual or evidentiary support, that it has complied with section 58.1–109 of the Code of Virginia. A mere copy of the grand jury subpoena, without the necessary attachment describing the documents being subpoenaed, and a conclusive representation of compliance, without more, does not satisfy § 6103(i)(1)(B). Accordingly, the government's Motion for Disclosure is **DENIED**. The Clerk is **DIRECTED** to send a copy of this Order to the Assistant United States Attorney and to the Virginia Department of Taxation, Custodian of Records.

**IT IS SO ORDERED.**